UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| STEVEN LEE LOTTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:14-CV-175-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| SOUTHEAST INDIANA GOVERNMENT, ) | **&** |
| PEOPLE, ET AL., et al., ) | **ORDER** |
| ) | |
| Defendants. | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Steven Lee Lotton is an individual who identifies his mailing address as 1350 South Main Street, London, Kentucky.  Proceeding *pro se*, Lotton has filed a complaint against various county governments in the states of Indiana, Ohio, and Kentucky, claiming that these governmental entities "broke state law" in that they failed to protect him from abuse and neglect when he was a child.[1]  [R. 1, Page ID# 2] Lotton claims that the events giving rise to his claims occurred in Aurora, Indiana, and Rising Sun, Indiana, from 1967 to 1979. [R. 1, Page ID# 3] Lotton seeks the following relief:

> Immunity, amnesty and card and checkbook with unlimited amount of money for rest of life and death penalty for people involved.  Need an answer on the immunity and amnesty has [sic] soon as possible.  I want the law to do its job. Let the punishment fit the severity of the crimes.

[R. 1, Page ID# 8].

---

[1] For administrative purposes, the Clerk of the Court classified Lotton's complaint on the CM/ECF docket sheet as an action filed pursuant to 42 U.S.C. § 1983.

Because Lotton is proceeding *in forma pauperis* and is asserting claims against governmental entities and/or government officials, the Court must conduct a preliminary review of his complaint. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Lotton's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has given his complaint a liberal, and hence broad, construction, and will evaluate any cause of action which can reasonably be inferred from the allegations made. Having reviewed Lotton's complaint, for a host of the reasons stated below, Lotton's complaint will be dismissed.

**I**

**A**

**1**

In regards to the named defendants outside of the state of Kentucky, Lotton has named Dearborn, Ohio, Switzerland, and Ripley county governments in Indiana, and Hamilton County government in Ohio.

Lotton fails to provide any information providing a possible basis as to how a federal court sitting in the Eastern District of Kentucky would have any jurisdiction over county governments located in Indiana and Ohio. The state and federal courts sitting in these respective states would have jurisdiction over these county defendants, but not a state or federal court

sitting in Kentucky. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316-19 (1945); *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 380 (6th Cir. 1968). *See also Burger King Corp. v. Rudzewski*, 471 U.S. 462, 475-78 (1985). For these reasons, Lotton claims against the non-Kentucky defendants fail to state a claim for which relief can be granted, and these defendants will be dismissed for lack of *in personam* jurisdiction over them. Regardless of any merit Lotton's claims against these defendants might have, this court has no personal jurisdiction over these non-Kentucky defendants.

## 2

As to the named defendants within the state of Kentucky, Lotton has named Boone, Kenton, Gallatin, and Hardin county governments. Lotton claims that the defendants violated state law, which the Court construes as a state law negligence claim, resulting in his alleged injuries when he was a child. However, the Complaint contains no detailed information identifying any individual or individuals who committed the alleged violation, and the Complaint contains no specifics as to the when, what, where or how such conduct occurred. In short, the Complaint does not plead sufficient factual matter, accepted as true, to state a negligence claim against the Kentucky defendants that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, dismissal is proper for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

However, even if the Court assumes that Lotton has sufficiently plead a state law negligence claim against the Kentucky defendants, this claim is barred by the doctrine of sovereign immunity. All county governmental entities in Kentucky, including Boone, Kenton, Gallatin, and Hardin counties, have sovereign immunity on all state law damage claims against them. Sovereign immunity is an inherent attribute of the state that precludes maintaining any suit against the state unless the state has waived its immunity. *Yanero v. Davis*, 65 S.W.3d 510,

517 (Ky. 2001). A county shares the immunity of the Commonwealth of Kentucky. *Franklin County, Kentucky v. Malone*, 957 S.W.2d 195, 202-203 (Ky. 1997), *overruled on other grounds*, *Commonwealth v. Harris*, 59 S.W.3d 896 (Ky. 2001). The named county defendants share the immunity of the state. *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 131-32 (Ky. 2004); *Fields v. Lexington-Fayette Urban County Government*, 91 S.W.3d 110, 111 (Ky. App. 2001). Thus, to the extent that Lotton has plead a state law negligence claim against the Kentucky county defendants, that claim is barred by the doctrine of sovereign immunity. *Webb v. Jessamine County Fiscal Court*, 802 F.Supp.2d 870, 886-87 (E.D.Ky. 2011).

**B**

Lotton's Complaint, on its face, alleges no claims against the defendants based on 42 U.S.C. § 1983. Moreover, it does not allege that his rights under the United States Constitution and laws of the United States were violated. When asked "[w]hat rights under the Constitution, federal law, federal regulations, state law, or state regulations do you allege the Defendant(s) violated?", Lotton responded: "to protect me from the abuse of my parents and people and government. I was molested in and around these taverns for all twelve years." [R. 1, Page ID# 4] Lotton's response to this question is non-responsive.

The only basis for concluding that Plaintiff *might* be bringing a § 1983 claim is his use of the "form" complaint that prisoners routinely use to file an action under 42 U.S.C. § 1983. Generally, *pro se* pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are not required to

conjure up causes of action not squarely presented or to construct full-blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278; *Montgomery-Seth v. Bureau of Prisons*, 07-cv-49-JBC, 2007 WL 710162 (E.D. Ky. March 7, 2007). This would "require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278; *Embrey v. Cauley*, 09-cv-010-HRW, 2009 WL 365665 (E.D. Ky. Feb. 11, 2009). It would place an unfair burden on the defendant, requiring him to speculate as to all potential claims that might be brought. *Wells*, 891 F.2d at 594; *Wilson v. Lexington Fayette Urban County Government*, *supra*.

## C

Even if the Court were to assume that Lotton has properly pled § 1983 claims against the Kentucky defendants, these claims must be dismissed because they are barred by the applicable statute of limitations. Because § 1983 does not provide its own statute of limitations, federal courts "borrow" the applicable limitations period from the state where the events occurred. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985). For constitutional torts committed in Kentucky, the one-year limitation period under Ky. Rev. Stat. § 413.140(1)(a) for bringing general personal injury actions applies. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990).

Federal law governs when the statute of limitations begins to run. *Wilson*, 471 U.S. at 267; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). A cause of action accrues when "... the plaintiff knows or has reason to know

that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273.

In this case, Lotton claims that the alleged unlawful conduct occurred from 1967 to 1979. [R. 1, Page ID# 3] Thus, according to Lotton, the last date on which any violation occurred was in 1979, more than thirty-five (35) years ago. To satisfy Kentucky's one-year statute of limitations applicable to § 1983 actions, absent any equitable tolling considerations, Lotton should have filed this complaint, at the latest, by December 31, 1980. Because he did not file suit until August 1, 2014, his claims are barred by the statute of limitations.

## II

In conclusion, the named defendants in Indiana and Ohio must be dismissed because this Court has no *in personam* jurisdiction over them. As to the Kentucky defendants, they too, must be dismissed because (1) Lotton has failed to state a claim against them for which relief can be granted, (2) Kentucky county governments, being an arm of the state, enjoy sovereign immunity, and (3) Lotton's claims are time-barred.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Lotton's claims against Dearborn, Ohio, Switzerland, and Ripley county governments in Indiana, and Hamilton County government in Ohio are **DISMISSED** for lack of *in personam* jurisdiction over them.

2. Lotton's claims against Boone, Kenton, Gallatin, and Hardin county governments in Kentucky are **DISMISSED** because (1) Lotton has failed to state a claim against them for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), (2) the Kentucky county governments are protected from suit due to sovereign immunity, and (3) Lotton's claims are time-barred.

3. All claims being resolved, this case is **DISMISSED** and **STRICKEN** from the docket.

4. The Court will enter an appropriate Judgment.

This the 2nd day of February, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge